64 F.3d 676
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Germiniano S. ISLA, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3294.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1995.
 
 Rehearing Denied; Suggestion for Rehearing In Banc Declined
 Sept. 27, 1995.
 Before ARCHER, Chief Judge, RADER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Germiniano Isla appeals from the January 27, 1995 decision of the Merit Systems Protection Board, No. SE-0831-94-0548-I-1, sustaining the reconsideration decision of the Office of Personnel Management (OPM) denying his request for an annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 DISCUSSION
 
 2
 Isla was employed by the United States Air Force at Clark Air Force Base in the Philippines for approximately 27 years. He was employed in a variety of different positions at the base, including as a laborer, pinspotter, and pinsetter equipment repairman. When the base closed, Isla was separated from service, effective November 26, 1991.
 
 
 3
 On March 29, 1993 Isla applied to OPM for a retirement annuity. OPM denied the application because Isla had not served in a position that was subject to the CSRA. On reconsideration, OPM affirmed its earlier decision denying Isla's application. Isla appealed OPM's reconsideration decision to the board.
 
 
 4
 In an October 31, 1994 initial decision, the administrative judge (AJ) found that all of Isla's service was paid from nonappropriated funds. Except for a statutory exception which the AJ found not applicable to Isla, an individual who is paid from nonappropriated funds is not an "employee" subject to the CSRA. See 5 U.S.C. Sec. 2105(c). The AJ concluded that "[s]ince the record shows that none of appellant's service was performed subject to the CSRA, he has not satisfied the requirement that he have been subject to the CSRA during one of his last 2 years of service." In its January 27, 1995 decision, the full board denied Isla's petition for review of the initial decision, making the initial decision the final decision of the board.
 
 
 5
 We review decisions of the board under a narrow standard of review. We must affirm the board's decision unless it is determined to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 6
 An employee paid from nonappropriated funds is deemed not to be an "employee" for purposes of the laws administered by OPM. 5 U.S.C. Sec. 2105(c). We conclude substantial evidence supports the board's finding that all of Isla's service was paid from nonappropriated funds and we agree with the board's conclusion that Isla was not an "employee" subject to the CSRA.
 
 
 7
 Isla contends he falls within the exception to the law excluding nonappropriated fund employees from CSRA benefits. The Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986 (NFIERC), Pub L. No. 99-638, 100 Stat. 3535, allows certain employees to credit their service funded by nonappropriated funds towards CSRA retirement benefits. Isla contends he qualifies for the NFIERC exception. We agree with the board, however, that Isla does not qualify for this exception because he did not serve in a position subject to the CSRA on the day before the enactment of the NFIERC, as is expressly required by that Act. See 5 U.S.C. Sec. 8332(b)(16); 5 C.F.R. Sec. 831.305(b)(2).
 
 
 8
 We have considered Isla's other arguments, including his argument that our decision in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995) was wrongly decided, and do not find them persuasive. Accordingly, we affirm the decision of the board.